UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
UNITED STATES OF AMERICA, :
: Case No.1:18-cr-326
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 33]
JOHN LEWIS CHAPPLE, :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, a jury convicted Defendant John Lewis Chapple of being a felon in possession of a firearm and ammunition. Defendant now moves for a new trial claiming that the manifest weight of the evidence is against the verdict. He also claims that the Government made impermissible closing arguments and the Court prevented his counsel from making permissible closing arguments.

For the following reasons, the Court **DENIES** Defendant's new trial motion.

## I. Background

On May 10, 2018, Nicole Terrell drove Defendant Chapple—who was at that time on parole—to his father's residence.[1] Defendant's parole officer, and other law enforcement, waited outside his father's apartment as the pair approached.[2] The officers were outside because of a tip they had received about Defendant.[3]

As he approached, Defendant was carrying several bags, including a purple

---
[1] Doc. 30 at 76–78.
[2] *Id.* at 80.
[3] *Id.* at 35.

backpack.[4] The officers stopped Defendant, handcuffed him, and searched the backpack.[5] Inside, they found a loaded gun and the charger for Defendant's electronic monitoring bracelet.[6] Defendant's companion told the officers that neither the purple backpack, nor the gun, belonged to her.[7] Shortly thereafter, during an interview with the officers, Chapple admitted that the gun was his and that he used it for protection.[8]

On June 21, 2018, a federal grand jury indicted Defendant Chapple on one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. 922(g)(1).[9] After the parties stipulated to the other elements of the crime, the only question at trial was whether Defendant *possessed* the gun or ammunition. In September 2018, a jury found Defendant guilty.[10]

On November 1, 2018, Defendant moved for a new trial.[11]

## II. Discussion

Under Federal Rule of Criminal Procedure 33, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires."[12] Accordingly, a new trial is appropriate if the verdict is against the manifest weight of the evidence or if a substantial legal error has occurred.[13] Defendant argues both occurred here—but neither did.

### A. The Manifest Weight of the Evidence

Motions for new trial based on the manifest weight of the evidence "are granted

---

[4] *Id.* at 39.
[5] *Id.* at 39–41.
[6] *Id.* at 42–43.
[7] *Id.* at 84–85.
[8] *Id.* at 46.
[9] Doc. 1.
[10] Doc. 28.
[11] Doc. 33. The Government opposes. Doc. 35.
[12] Fed. R. Crim. P. 33(a).
[13] *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010).

only in the extraordinary circumstance where the evidence preponderates heavily against the verdict."[14] This is not one of those circumstances.

The Government presented substantial inculpatory evidence. Defendant approached the officers carrying a purple backpack.[15] That backpack contained a loaded gun and an electronic charger.[16] The charger was used to charge Defendant's electronic monitoring bracelet.[17] And—according to three officers—Defendant admitted to possessing the gun for protection.[18]

Further, Defendant's sole companion—and long-time friend—told police and testified that neither the purple bag nor the gun belonged to her.[19] And some witnesses testified that they found barber equipment in the purple bag.[20] At the time, Defendant was pursuing barber school.[21]

This is not to say that the Government's case was perfect. The Government was unable to match the DNA found on the gun to Defendant.[22] And the Government did not record Defendant's admission of guilt or obtain a written statement.[23] However, Rule 33 does not authorize a new trial every time a criminal case is anything less than airtight.

In sum, the evidence did not weight heavily against the verdict—it supported the verdict.

---

[14] *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007) (quotation marks omitted).
[15] Doc. 30 at 39 (Officer Leligdon), 113 (Officer Unger), 139–40 (Detective Stockwell), 185 (Detective McNeely). *See id.* at 79, 92 (Nicole Terrell).
[16] *Id.* at 42–43 (Officer Leligdon), 113–14 (Officer Unger), 140–43 (Detective Stockwell). *See id.* at 81–83 (Nicole Terrell).
[17] *Id.* at 32–34, 42–45 (Office Leligdon).
[18] *Id.* at 46 (Officer Leligdon), 117 (Officer Unger), 186 (Detective McNeely).
[19] *Id.* at 84–85.
[20] *Id.* at 94 (Nicole Terrell), 114 (Officer Unger). *But see id.* at 45 (Officer Leligdon), 150 (Detective Stockwell).
[21] *Id.* at 45.
[22] *Id.* at 174–75. Although, much of the DNA was untestable. *Id.* at 167–68, 174–75.
[23] *Id.* at 191–93.

Case No. 1:18-cr-326
Gwin, J.

## B. The Sixth Amendment Claim

Defendant Chapple claims he was deprived of his Sixth Amendment right to a fair trial when the Court prevented his counsel from making certain closing arguments.[24]

In *Herring v. New York*, the Supreme Court held that the refusal to allow *any* closing argument was a Sixth Amendment violation.[25] However, that case also recognized that the Court "must be and is given great latitude in controlling the duration and limiting the scope of closing summations."[26]

Here, defense counsel made three statements that the Court instructed the jury to disregard. First, Defendant's counsel stated that:

> [W]hen it comes to the confession, [w]ell he admitted . . . . [I]f you or I said I didn't say something that the other people said I said, there's not a thing in the world we could do to say we did -- to prove we didn't say it, but there's a million things they could do to prove that he did. They could videotape you saying it. They could audio-tape you saying it. They could write it down or make you write it down and have you [sign] it.[27]

Second, defense counsel told the jury that "you are liberty's gatekeeper; not just for [Defendant], but for anybody who stands accused."[28] Finally, counsel stated that, "[i]f [Defendant's] liberty can be deprived . . . on proof that's less than proof beyond a reasonable doubt, liberty is in jeopardy for all of us."[29]

The Court did not err in preventing these arguments. They were impermissible. It is improper to ask a man to judge his own case. But counsel did just that when, with each statement, he asked the jury to place themselves in the shoes of Defendant. Courts do not

---

[24] Doc. 33 at 1.
[25] *Herring v. New York*, 422 U.S. 853, 858–59 (1975).
[26] *Id.* at 862.
[27] Doc. 31 at 44–45.
[28] *Id.* at 49–50.
[29] *Id.* at 50.

allow these so-called "golden rule" arguments precisely because they ask the jury to decide the case based on self-interest rather than the facts.[30]

Defendant argues that these statements were not "golden rule" arguments but supposedly designed to remind the jury of the burden of proof and the presumption of innocence. Even if this were true—it is not—the denial of every rhetorical flourish does not a constitutional violation make. The Court permitted defense counsel—in some form or another—to remind the jury during closing arguments of the Government's burden of proof at least eight times.[31] And the defense attorney was permitted to remind the jury of the presumption of innocence.[32] In any event, the Court itself properly instructed the jury on both fronts.[33]

To argue that Defendant was robbed of a fair trial because his attorney was only allowed to mention the burden of proof eight times—rather than nine—gives new example to the word frivolous.[34] In sum, Defendant's arguments were impermissible and, in any event, their exclusion harmless.

## C. Fifth Amendment Claim

The Fifth Amendment requires that "[n]o person shall be . . . compelled in any criminal case to be a witness against himself."[35] The Government violates that prohibition if, during closing arguments, it comments on a criminal defendant's decision not to testify in his trial.[36] Here, during closing arguments, the Government stated that:

> The undisputed evidence is that the charger was found in the bag and that

---

[30] *United States v. Poandl*, 612 F. App'x 356, 372 (6th Cir. 2015).
[31] Doc. 31 at 35, 39–40, 44, 45, 46, 47, 48, 49.
[32] *Id.* at 43–44.
[33] *Id.* at 7–9, 15–16, 19, 23–25, 58.
[34] *See Herring*, 422 U.S. at 862 (noting that the district court may properly limit repetitive or redundant arguments).
[35] Const. amend. V.
[36] *Moore v. Mitchell*, 708 F.3d 760, 799 (6th Cir. 2013).

Case No. 1:18-cr-326
Gwin, J.

> the defendant admitted [to] possessing a firearm. The only speculation, that the defendant didn't say it was his firearm or that the charger wasn't in the bag, came from opening and closing arguments of [defense counsel].[37]

Defendant argues that this statement wrongfully highlighted Defendant's choice not to testify.[38] He claims that only he could rebut his alleged confession. Thus, by commenting on the lack of exculpatory evidence, the Government implicitly commented on his decision not to testify.

This is simply untrue. There were several people besides Defendant who were present for his interview. Three of them appeared as witnesses in this case and all of them testified that Defendant admitted to having the gun. The Government's decision to highlight the uniformity of inculpatory testimony regarding Defendant's confession was just that. It was not a veiled comment on Defendant's decision not to testify.

Defendant also argues that the Government's statements misled the jury by attempting to convince them that Defendant carried some burden of proof to produce exonerating evidence.[39] This too is without merit. The Government's comment did not suggest that Defendant was required to produce rebutting evidence, just that there was no rebutting evidence. Further, any risk that the comment might have confused the jury is minimized by the fact that the Court—and defense counsel—repeatedly instructed the jury that the Government had the burden of proof.

---

[37] Doc. 31 at 52.
[38] Doc. 33 at 14–15.
[39] *Id.*

Case No. 1:18-cr-326
Gwin, J.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion for new trial.

IT IS SO ORDERED.


Dated:  December 11, 2018                    *s/      James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE