N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR326 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN LEWIS CHAPPLE, | ) | UNITED STATES' RESPONSE TO |
| | ) | DEFENDANT'S SENTENCING |
| Defendant. | ) | MEMORANDUM |

Now comes the United States of America, by and through counsel, Justin E. Herdman, United States Attorney, and Danielle K. Angeli, Assistant United States Attorney, and submits the following response to Defendant John Lewis Chapple's ("Chapple") sentencing memorandum. (R. 44: Sent. Mem., PageID 589-97). For the reasons set forth in the attached memorandum, the United States respectfully requests that the Court sentence Chapple within the Guidelines range.

                                                    Respectfully submitted,

                                                    JUSTIN E. HERDMAN
                                                    United States Attorney

                             By:   /s/ Danielle K. Angeli
                                          Danielle K. Angeli (MI: P81362)
                                          Assistant United States Attorney
                                          United States Court House
                                          801 West Superior Avenue, Suite 400
                                          Cleveland, Ohio 44113-1852
                                          (216) 622-3875
                                          (216) 522-8355 (facsimile)
                                          Danielle.Angeli@usdoj.gov

**MEMORANDUM**

I.     **Procedural and Factual History**

On May 10, 2018, a federal grand jury returned a one-count indictment against Chapple for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (R. 1: Indictment, PageID 1). Chapple has several prior convictions for aggravated robbery, kidnapping, and felonious assault, (R. 1: Indictment, PageID 1), and thus, the enhanced penalties under the Armed Career Criminal Act ("the Act") apply. 18 U.S.C. § 924(e)(1).

    A.     **Chapple commits his first aggravated robbery.**

First, on May 22, 2003, Chapple committed aggravated robbery by inflicting or attempting to inflict serious physical harm on another, in violation of Ohio Revised Code § 2911.01(A)(3). Specifically, officers found Chapple driving a stolen car with two minor female passengers and a shotgun. Additionally, the day before, another victim reported that she was using a payphone on the street, Chapple pushed her down onto the street, and drove off in her car. Officers later found this vehicle abandoned. (R. 42: Presentence Investigation Report "PSR", ¶ 26, PageID 566). Chapple pled guilty to aggravated robbery, and received a four-year sentence to run concurrent with the sentences imposed in three other cases. (*Id.*).

    B.     **In less than one week, Chapple commits two more aggravated robberies while brandishing a firearm, two kidnappings, and two felonious assaults.**

Second, on September 16, 2004, Chapple committed aggravated robbery with a firearm and either displayed the weapon, brandished it, indicated he possessed it, or used it, in violation of Ohio Revised Code § 2911.01(A)(1). He then kidnapped the victim by force, threat, or deception, and restrained her liberty for the purpose of facilitating the commission or a felony or flight, in violation of Ohio Revised Code § 2905.01. Specifically, Chapple approached the

victim in a hospital parking lot, brandished a firearm, and ordered her to get out of the car. Chapple threatened that if she did not comply, he would hurt her. The victim complied with Chapple's demand, and he took her car. Officers found the car four hours later on Cuyahoga Metropolitan Housing Authority property. The victim's purse and keys were missing. (*Id.* ¶ 28, PageID 568).

The next day, Chapple again committed aggravated robbery with a firearm and either displayed the weapon, brandished it, indicated he possessed it, or used it, in violation of Ohio Revised Code § 2911.01(A)(1). Again, Chapple kidnapped the victim, by using force, threats, or deception to remove her and restrain her of her liberty for the purpose of facilitating the commission of a felony or flight thereafter, in violation of Ohio Revised Code § 2905.01. Specifically, Chapple approached a car that was stopped at a red light. He put a firearm to the victim's head, and ordered her to get out of the car or give him the keys, and to give him all of her money. Chapple further ordered the victim to unlock the car door and keep her hands on the dashboard. Chapple opened the driver's door, and told the victim to get in the passenger's seat. Chapple got into the car, took the victim's wallet from her purse, and drove for a couple of miles before telling the victim to get out of the car. The victim went to a nearby gas station and called the police. (*Id.*, PageID 568-69).

Five days later, on September 22, 2004, Chapple committed felonious assault by causing or attempting to cause physical harm to a police officer by means of a deadly weapon or dangerous ordnance, in violation of Ohio Revised Code § 2903.11(A)(2). Chapple also operated a motor vehicle to willfully elude or flee a police officer after receiving a visible or audible signal from the officer to stop his vehicle, in violation of Ohio Revised Code § 2921.331, and committed Felonious assault by knowingly causing physical harm to a victim with a firearm, in

3

violation of Ohio Revised Code § 2903.11(A)(2). Specifically, officers stopped Chapple for speeding and driving a stolen vehicle. As one officer opened the passenger door, Chapple sped forward, striking the officer with the open door. Because one officer had been struck, the two other officers fired at the vehicle, then returned to their vehicle and pursued Chapple. Officers caught up to the vehicle, and saw Chapple and a passenger exit and flee. A rear passenger reported that he had been shot in the head. Officers did not apprehend Chapple that day, and a warrant issued. (*Id.*, PageID 569). After his arrest, Chapple pled guilty to two counts of aggravated robbery with three-year firearm specification, two counts of kidnapping with a three-year firearm specification, two counts of felonious assault, including one with a three-year firearm specification, and one count of failure to comply with order of police officer. (*Id.*, PageID 567-68). The court sentenced Chapple to a thirteen-year prison sentence, to run concurrently with his other cases. (*Id.*, PageID 567).

      **C.**    **Less than three months later, Chapple again commits aggravated robbery by brandishing a firearm, kidnapping, and felonious assault on a Peace Officer.**

Third, on December 13, 2004, Chapple again committed aggravated robbery, in violation of Ohio Revised Code § 2911.01(A)(1), kidnapping, in violation of Ohio Revised Code § 2905.01, and felonious assault, in violation of Ohio Revised Code § 2903.11(A)(2). Specifically, on December 13, 2004, Chapple approached a victim who was warming up his car and bringing items inside from his car. Chapple was wearing a ski mask, pulled out a firearm, and ordered the victim to give Chapple his money. Then, Chapple ordered the victim into the vehicle, and Chapple drove down the street. Chapple asked the victim if he had any money in his bank account. The victim jumped out of the car and ran home. The next day, officers found Chapple driving the stolen car. After officers signaled for Chapple to stop the car, Chapple got out of the car, and fled on foot. An officer cornered Chapple in a garage, and Chapple charged

4

towards him, refusing commands to take his hand out of his pocket and to get on the ground.  As Chapple closely approached the officer, still refusing to remove his hand, the officer shot him twice in the abdomen.  Chapple had a firearm in his pocket.  Chapple was transported to the hospital and arrested.  He was wearing a unique watch that the December 13th victim reported that the robber was wearing.  (*Id.* ¶ 29, PageID 569-70).  Chapple pled guilty to aggravated robbery with a three-year firearm specification, kidnapping with a three-year firearm specification, failure to comply with order of police officer with a three-year firearm specification, and felonious assault on a peace officer with a three-year firearm specification.  (*Id.*, PageID 569).   On November 2, 2005, Chapple received a 13-year sentence to run concurrently with his other cases.  (R. 23:  Response, PageID 161).  Upon release from prison, on February 15, 2018, Chapple began supervision with the Adult Parole Authority ("APA").  (*Id.*).

**D.      Chapple, a felon, unlawfully possesses a loaded firearm.**

On May 10, 2018—less than three months after Chapple's release from prison, and after receiving a tip that Chapple was doing PCP and had a firearm—APA officers, accompanied by task force officers, conducted a surprise home visit.  When the officers first arrived, Chapple was not around, so they waited outside.  As Chapple approached the home, he was carrying two bags on his shoulder, including a purple duffle bag.  APA officers detained Chapple, and searched the bags, finding a loaded firearm in a zipped pocket of the purple duffle bag along with Chapple's electronic ankle monitor charger.  Officers read Defendant his *Miranda* rights, and Chapple admitted that the firearm was his and that he had it for protection.  (*Id.*).

5

### E. After a two-day trial, the jury convicts Chapple of being a felon in possession of a loaded firearm.

On September 17, 2018, Chapple's jury trial began. APA officers and task force officers who assisted with the home visit testified. Additionally, the Court heard testimony from Nicole Terrell, Chapple's friend who was with him on May 10, 2018, and a DNA analyst from the Ohio Bureau of Criminal Investigation. (*See* R. 30: Trial Trans., PageID 212-404). On September 18, 2018, the jury reached a guilty verdict. (R. 31: Trial Trans., PageID 472). The Court individually polled each juror, and each one acknowledged that was their verdict. (*Id.*, PageID 473-74).

## II. Based on Chapple's criminal history, he is an Armed Career Criminal.

The PSR properly notes that Chapple has ten predicate convictions that qualify as violent felonies for Armed Career Criminal classification: three aggravated robbery convictions, in violation of Ohio Revised Code § 2911.01(A)(1), one aggravated robbery conviction, in violation of Ohio Revised Code § 2911.01(A)(3), three kidnapping convictions, in violation of Ohio Revised Code § 2905.01(A)(2), two felonious assault convictions, in violation of Ohio Revised Code § 2903.11(A)(2), and one felonious assault on a peace officer conviction, in violation of Ohio Revised Code § 2903.11(A)(2).[1] (R. 42: PSR ¶¶ 26, 28-29, PageID 566-71).

First, Chapple's felonious assault convictions each qualify as violent felonies. Recently, the Sixth Circuit held that convictions for felonious assault, in violation of Ohio Revised Code § 2903.11(A)(2), qualify as violent felonies under the Act. *United States v. Burris*, 912 F.3d 386, 405-07 (6th Cir. 2019). Indeed, Chapple acknowledges same. (*See* R. 44: Sent. Mem.,

---

[1] For some of these offenses, since they were not committed on different occasions, only one may be used as a predicate for Armed Career Criminal Classification. (*See id.* ¶¶ 28, 29, PageID 569-71).

PageID 592). These three convictions alone are enough to satisfy the Act's requirements. Accordingly, Chapple is subject to the enhanced penalties as an Armed Career Criminal.

Nonetheless, Chapple has several aggravated robbery convictions that also qualify as predicate violent felonies. The Sixth Circuit has held that Ohio's aggravated robbery statute qualifies a violent felony. *United States v. Patterson*, 853 F.3d 298, 302-03 (6th Cir. 2017). In *Patterson*, the court explained that, "[a]ccording the Supreme Court of Ohio, 'one cannot display, brandish, indicate possession of, or use a deadly weapon in the context of committing a theft offense without conveying an implied threat to inflict physical harm.'" *Id.* at 302 (quoting *State v. Evans*, 911 N.E.2d 889, 894 (2009)). "Because any defendant convicted of aggravated robbery under Ohio Rev. Code § 2911.01(A)(1) necessarily threatened to harm someone else with a deadly weapon, all such defendants committed the lesser included offense of robbery under Ohio Rev. Code § 2911.02(A)(2), which in turn requires proof that the defendant 'inflicted, attempted to inflict, or threatened to inflict physical harm on another.'" *Id.* at 303 (quoting *Evans*, 911 N.E.2d at 895). The Sixth Circuit held that was enough to show that Ohio "aggravated robbery convictions required proof of 'the use, attempted use, or threatened use of physical force against the person of another.'" *Id.* (quoting 18 U.S.C. § 924(e)(2)(B)(i)).

Chapple has three convictions for aggravated robbery, in violation of Ohio Revised Code § 2911.01(A)(1), all of which qualify as predicate violent felonies under *Patterson*. Chapple's reliance on *United States v. Moore*, 203 F. Supp. 3d 854, 860-61 (N.D. Ohio Aug. 25, 2016), to argue that these convictions do not qualify is unavailing. First, *Patterson* is binding on this Court; *Moore* is not. Second, the district court opinion upon which Chapple relies was decided before *Patterson*, and is currently on appeal before the Sixth Circuit.[2] Thus, under *Patterson*,

---

2       The Sixth Circuit heard oral argument in the case but has not yet issued an opinion. *See*

7

each of these convictions likewise qualify as predicate violent felonies.

Similarly, immigration courts have held that an aggravated robbery conviction, in violation of Ohio Revised Code § 2911.01(A)(3), satisfies the "crime of violence" definition under 8 U.S.C. § 1101(a)(43)(f), making it an "aggravated felony" under the Immigration and Nationality Act. *Saleh v. Sessions*, Case No. 18-3212, 2018 WL 5304812, at *3 (6th Cir. Oct. 25, 2018). The "crime of violence" definition similarly requires "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 16.[3] Therefore, Chapple's aggravated robbery conviction under (A)(3) also qualifies as a predicate violent felony. [4]

### III. Chapple's Armed Career Criminal classification is not cruel and unusual punishment.

The Eighth Amendment permits application of the Act in this case. The Sixth Circuit has held that the Eighth Amendment's prohibition against cruel and unusual punishment does not categorically prohibit application of the Act to enhance adult offender's sentence based on juvenile-age criminal history. *United States v. Banks*, 679 F.3d 505, 507 (6th Cir. 2012) (citing *United States v. Graham*, 622 F.3d 445, 462-63 (6th Cir. 2010) (collecting cases that *Graham v. Florida*, 560 U.S. 48 (2010) limited its holding to juvenile offenders, leaving untouched the practice of considering juvenile-age criminal history when sentencing an adult offender)).

Moreover, a Guidelines sentence within the range of 210 to 262 months is not grossly

---

*United States v. Moore*, Case No. 16-4155 (6th Cir.).

[3] Six months before the *Saleh* opinion, the Supreme Court held that the second part of the "crime of violence" definition was impermissibly vague. *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

[4] The Court need not determine whether Chapple's kidnapping convictions qualify as violent felonies because Chapple already has more than three predicate convictions.

8

disproportionate to Chapple's crime and record, particularly given his numerous violent convictions.  *Cf. Banks*, 679 F.3d at 508 (statutory minimum sentence of fifteen years under the Act did not violate Eighth Amendment for defendant with two aggravated burglary convictions and one robbery conviction); *see also United States v. Moore*, 643 F.3d 451, 456 (6th Cir. 2011) (statutory mandatory minimum sentence under the Act for being a felon in possession of a firearm does not violate the Eighth Amendment); *United States v. Brown*, 443 F. App'x 956, 960 (6th Cir. 2011).  Chapple has an extensive criminal history, almost all of which not only involves violent crime but the commission of such crimes while brandishing a firearm.  Relatedly, the offense—possessing a loaded firearm—is particularly dangerous in light of this criminal history.  Further, Chapple possessed the loaded firearm less than three months after release from prison.  Thus, a Guidelines sentence is not grossly disproportionate to Chapple's crime and record.

Likewise, Chapple's argument that he "is not the type of offender for which the [Act] was meant to apply[,]" is unavailing.  (R. 44: Sent. Mem., PageID 593).  On several occasions, the Sixth Circuit has explicitly rejected this argument.  *See, e.g., United States v. Anderson*, 76 F.3d 685, 691 (6th Cir. 1996) ("[D]efendant's receipt of concurrent sentences for these three prior felony drug convictions does not mean that the convictions were part of the same criminal episode."); *United States v. Roach*, 958 F.2d 679, 683 (6th Cir. 1992) (finding Armed Career Criminal statute appropriate even though "all of the convictions occurred on the same date and stemmed from the same indictment"); *United States v. White*, Case No. 05-6737, 2007 WL 1217960, at *3 (6th Cir. April 25, 2007) (holding these same facts irrelevant to ACCA classification); *James v. United States*, 217 F. App'x 431, 441 (6th Cir. 2007); *United States v. Perkins*, 242 F. App'x 338, 342-43 (6th Cir. 2007).  "[T]he relevant factor for determining the number of predicate offenders under the [Act] is not the date of conviction for those predicate

9

offenses, but the date the defendant committed the offense for which he is subsequently convicted." *Roach*, 958 F.2d at 683. In other words, "a defendant [need not] be convicted for his first predicate offense before he has been convicted for his second and then third predicate offense in order for enhancement." *Id.*; *see also United States v. Hughes*, 924 F. 2d 1354, 1361 (6th Cir. 1991) (holding that Congress intended the Act to enhance punishment for multiple criminal episodes that are distinct in time). Similarly, a majority of courts have concluded that "if the predicate offenses occurred on occasions different from one another, Congress intended that they not be regarded as a 'single criminal episode.'" *Roach*, 958 F.2d at 684 (collecting cases). Chapple committed multiple aggravated robberies and felonious assaults, and many of those crimes involved different victims, on different dates, in different locations; thus, those crimes qualify as separate predicate offenses.[5] Accordingly, Chapple qualifies for the Armed Career Criminal enhancement.

Similarly, a Guidelines sentence within the range of 210 to 262 months is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide a just punishment for the offense, and to afford adequate deterrence. As discussed above, given Chapple's history of violence with firearms and his recent release from prison, this offense is particularly serious. Moreover, Chapple served a thirteen-year concurrent sentence for multiple cases involving aggravated robberies, kidnappings, and felonious assaults. Although a significant sentence, thirteen years did not afford adequate deterrence for Chapple. In less than three months after his release from prison, Chapple again engaged in criminal

---

[5] The PSR properly notes which crimes were committed on the same occasion, and thus, only one may be used as a predicate violent felony under the Act. (*See* 42: PSR, PageID 569-71).

activity by doing PCP and possessing a loaded firearm. Likewise, a Guidelines sentence will best protect the public from Chapple's future crimes.

## IV. Conclusion

For these reasons, and for those to be articulated at the sentencing hearing, the United States requests that the Court impose a Guidelines sentence.

                                          Respectfully submitted,

                                          JUSTIN E. HERDMAN
                                          United States Attorney

                                          /s/ Danielle K. Angeli
                                          Danielle K. Angeli (MI: P81362)
                                          Assistant United States Attorney
                                          United States Court House
                                          801 West Superior Avenue, Suite 400
                                          Cleveland, OH 44113
                                          (216) 622-3875
                                          (216) 522-8355 (facsimile)
                                          Danielle.Angeli@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 5th day of February 2019 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                                          /s/ Danielle K. Angeli
                                          Danielle K. Angeli
                                          Assistant U.S. Attorney