UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|--|--|--|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 1:18-cr-326 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 39] |
| JOHN LEWIS CHAPPLE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In October 2018, a jury convicted John Lewis Chapple for being a felon in possession of a firearm and ammunition.[1] Afterwards, Defendant moved the Court for a new trial.[2] The Court denied that motion.[3] Chapple now asks the Court to reconsider.[4]

Defendant argues that the evidence weighs against the jury's verdict. However, the Court still believes the evidence at trial sufficiently supported the jury's verdict.[5] Chapple offers further evidence of a text message suggesting that Chapple knew his state probation officer would meet him sometime on the date police arrested Chapple for illegally possessing a firearm.[6] Chapple argues this circumstantial evidence supports his argument that he would not carry the firearm knowing his state probation officer would visit him at some time during that day.

But this further evidence was available at the time of the trial. This further evidence

---

[1] Doc. 28.
[2] Doc. 33.
[3] Doc. 37.
[4] Doc. 39. The Government opposes. Doc. 45.
[5] *See* Doc. 37.
[6] Although Chapple offers this evidence in a later motion to continue, it is relevant to his motion to reconsider.

Case No. 1:18-cr-326
Gwin, J.

is only slightly material to the possession allegation. This further evidence is mostly impeaching evidence to undercut Chapple's probation officer's testimony that her visit to Chapple was a surprise visit. Finally, this further evidence would not clearly produce a different result. He cannot introduce it now.[7]

Defendant Chapple also argues that the Government violated the hearsay prohibition when its witnesses testified to his confession. But party-opponent admissions are not hearsay.[8]

Chapple next claims that Government witness Officer Leligdon perjured herself. He argues that, prior to trial, Leligdon drafted a report indicating that she encountered Chapple in a stairwell. However, at trial, Leligdon testified that she encountered Chapple in an open courtyard.[9] This discrepancy is too minor to conclude that Leligdon perjured herself and too tangential to the conviction to warrant a new trial.[10] Moreover, Defendant had access to this report at trial but never raised the discrepancy.[11]

Finally, during opening, the Government argued that: (i) its DNA expert would testify that she could not exclude Defendant from the DNA sample and (ii) witness Nicole Terrell would identify Defendant as the gun's owner.[12] Defendant Chapple complains that this forecasted evidence never manifested. However, the DNA expert did testify that she was

---

[7] *Roger Miller Music, Inc. v. Sony/ATV Publ'g LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("[P]arties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.").

[8] Fed. R. Evid. 801(d)(2). It also likely would have been admissible as a statement against interest. Fed. R. Evid. 804(b)(3).

[9] Doc. 30 at 39.

[10] *See* 18 U.S.C. § 1621(1) (perjury requires a person to *willfully* make statements they believe to be false).

[11] *See* Doc. 30 at 49–50. Chapple also argues that at trial Leligdon testified that she never wrote a report. *Id.* at 55. Yet, previously she testified that she did write a report about the encounter. *Id.* at 49. This alone does not demonstrate perjury.

[12] Doc. 30 at 202–03.

-2-

unable to exclude Chapple from the sample.[13] And, although Terrell did not identify Defendant as the gun's owner, the Government's opening is not required to perfectly predict the trial's events.[14] Also, Terrell's testimony implied Defendant likely owned the gun.[15] In any event, the Court instructed the jury that the lawyer's arguments were not evidence.[16]

For the foregoing reasons, the Court **DENIES** Defendant's motion to reconsider.

IT IS SO ORDERED.

Dated: February 8, 2019             *s/      James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[13] Doc. 31 at 349–50 (although the DNA expert excluded Defendant from the major DNA profile, she could not exclude him from the four minor profiles).
[14] *Frazier v. Cupp*, 394 U.S. 731, 736 (1969).
[15] Doc. 31 at 349–50.
[16] Doc. 30 at 191, 198; *see Frazier*, 394 U.S. at 734 (the trial court there instructed the jury similarly).