IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 18-cr-326 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 79, 84] |
| v. | : | |
| | : | |
| JOHN LEWIS CHAPPLE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On June 29, 2022, Defendant John Lewis Chapple moved through counsel for relief from this Court pursuant to 28 U.S.C. § 2255.[1] Chapple raised two grounds for relief: first, that he should not have been sentenced as an Armed Career Criminal in light of the Supreme Court's decisions in *Borden v. United States*,[2] and *Wooden v. United States*,[3] and second, that he was denied his right to the effective assistance of trial counsel because trial counsel did not argue at sentencing that Chapple should not be classified as an Armed Career Criminal. For reasons discussed below, the Court **GRANTS** Defendant a writ of habeas corpus, **VACATES** Defendant's sentence, and **ORDERS** a resentencing hearing set for April 19, 2023 at 10:00 am.

I.  DISCUSSION

On September 18, 2018, a jury convicted Defendant John Lewis Chapple of one count of Felon in Possession of a Firearm and Ammunition, in violation of Title 18 U.S.C.

---

[1] Doc. 84.
[2] *Borden v. United States*, 141 S. Ct. 1817 (2021).
[3] *Wooden v. United States*, 142 S. Ct 1063 (2022).

Case No. 18-cr-326
GWIN, J.

§§922(g)(1) and 924(e)(1).[4] On February 8, 2019, this Court sentenced Chapple to a term of 180 months.

The Court imposed this lengthy sentence after finding that Chapple should be classified as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA") and that the ACCA required the Court to sentence Chapple to a 15-year mandatory minimum.[5] The ACCA creates an enhanced penalty for criminal defendants who have at least three prior convictions for violent felonies or serious drug offenses. Defendant Chapple has no prior serious drug offenses but has three felonious assault convictions, two kidnapping convictions, and three aggravated robbery convictions.[6]

Then, on June 10, 2021, in *Borden,* the Supreme Court held that criminal offenses that only require a recklessness or lower mens rea do not qualify as predicate violent offenses under the ACCA.[7] In Ohio, a conviction for aggravated robbery requires only the mens rea of the underlying theft offense, and does not require purposeful or knowing use, attempted use, or threatened use of force.

Moreover, aggravated robbery under O.R.C. § 2911.01(A)(3) is a strict liability offense.[8] Defendant thus argues that none of his three aggravated robbery convictions had the requisite purposeful or knowing mens rea to serve as predicate offenses under the ACCA.[9] Similarly, Defendant argues that Ohio's kidnapping statute does not require the use of force for conviction, and so his prior kidnapping convictions also are not predicate

---

[4] Doc. 84 at PageID #:863, 865.
[5] *Id.*
[6] Doc. 84 at PageID #: 865.
[7] *Borden*, 141 S. Ct. at 1817.
[8] *State v. Horner*, 2010-Ohio-3830, ¶ 51, 126 Ohio St. 3d 466 ("By choosing language in R.C. 2911.01(A)(3) that makes it a crime to merely inflict or attempt to inflict serious physical harm, as opposed to requiring a purpose or intent to injure, the General Assembly similarly has indicated its purpose to impose strict liability.").
[9] Doc. 84 at PageID #: 868.

- 2 -

Case No. 18-cr-326
GWIN, J.

violent offenses.[10]

Separately, the ACCA states that the three previous convictions required for a defendant to be classified as an Armed Career Criminal must have been committed on separate occasions.[11] On March 7, 2022, the Supreme Court clarified in *Wooden* that multiple crimes committed during "a single criminal episode" only count as one conviction for purposes of the ACCA.[12] Two of Chapple's three prior felony assault convictions were committed on the same occasion.[13] Thus, Chapple argues he is not an Armed Career Criminal because under the ACCA, he has only "two" violent convictions for felony assault.[14]

On February 10, 2023, the government filed a response to Defendant Chapple's motion in which the government agreed that Defendant is not a career offender and echoed Defendant's request for this Court to order a resentencing hearing.[15]

Because the Court agrees with both parties that Defendant is entitled to a new sentencing, the Court **GRANTS** Defendant Chapple's writ of habeas, **VACATES** Defendant's current sentence, and **ORDERS** a resentencing hearing set for April 19, 2023.

**IT IS SO ORDERED.**

Dated: March 2, 2023               *s/     James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[10] *Id.* at PageID #:870.
[11] 18 U.S.C. § 924(e)(1).
[12] *Wooden*, 142 S. Ct. at 1067.
[13] Doc. 84 at PageID #: 870.
[14] *Id.*
[15] Doc. 87.

- 3 -